A. G. FILE No. O ?6(



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. 0-5601
Re: Constitutionality of H. B.
No. 77, Acts 47th Leg.,
Regular Session, p. 115.

We received your letter dated May 23, 1941, re-
questing our opinion as to whether or not House Bill No.
77, supra, is in violation of Section 35, Article III, of
the Constitution. The above mentioned Section of the Con-
stitution reads in part as follows:

"No bill . . . shall contain more than
one subject, which shall be expressed in its
title. But if any subject shall be embraced
in an act, which shall not be expressed in the
title, such act shall be void only as to so
much thereof, as shall not be so expressed."

The title or caption of H. B. No. 77, supra, reads
as follows:

"An Act to amend Section 8 of Chapter 282,
Acts of the Regular Session, Forty-second Leg-
islature, 1931; providing a saving clause; re-
pealing all laws or parts of laws in conflict;
and declaring an emergency."

Section 1 of H. B. No. 77, supra, reads as fol-
lows:

"Section 1. That Section 8 of Chapter 282,
of the Acts of the Regular Session of the Forty-
second Legislature, 1931, be, and the same is,
hereby amended so as to hereafter read as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Section 6. Rate and Speed of Vehicle.

"'It shall be unlawful for any person to operate or drive any motor or other vehicle upon the public highways of Texas at a rate of speed in excess of sixty (60) miles an hour during the daytime, or to drive or operate a motor or other vehicle at a rate of speed in excess of fifty-five (55) miles per hour during the nighttime, or drive or operate a motor or other vehicle within the corporate limits of an incorporated city or town, or within or through any town or village not incorporated, at a greater rate of speed than thirty (30) miles per hour; provided, that it shall be unlawful to drive or operate upon said public highways a commercial motor vehicle, truck-tractor, trailer, or semi-trailer as defined in this Act, at a rate of speed in excess of forty-five (45) miles per hour during the daytime, or to drive or operate said commercial motor vehicle, truck-tractor, trailer, or semi-trailer at a rate of speed in excess of forty-five (45) miles per hour during the nighttime. Provided further, that it shall be unlawful to operate any motor vehicle engaged in this State in the business of transporting passengers for compensation or hire on any highway, road, or thoroughfare not privately owned between cities, towns, and villages at a rate of speed in excess of fifty-five (55) miles per hour.

"'Daytime as used in this Act shall mean a half hour before sunrise to a half hour after sunset, and nighttime shall mean at any other hour.

"'Provided further that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, having regard to the actual and potential hazards when approaching and crossing an intersection or a railway grade crossing, when approaching and going around a curve, when approaching a hillcrest, when traveling upon any narrow

or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions; and speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"'The State Highway Commission shall have the power and authority upon the basis of an engineering and traffic investigation to determine and fix the maximum, reasonable and prudent speed at any road or highway intersections, railway grade crossings, curves, hills, or upon any other part of a highway, less than the maximum hereinbefore fixed by this Act, taking into consideration the width and condition of the pavement and other circumstances on such portion of said highway as well as the usual traffic thereon. That whenever the State Highway Commission shall determine and fix the rate of speed at any said point upon any highway at a less rate of speed than the maximum hereinbefore set forth in this Act and shall declare the maximum, reasonable and prudent speed limit thereat by proper order of the Commission entered on its minutes, such rate of speed shall become effective and operative at said point on said highways when appropriate signs giving notice thereof are erected under the order of the Commission at such intersection or portion of the highway.

"'That whenever the governing bodies of incorporated cities and towns in this State within their respective jurisdictions determine upon the basis of an engineering and traffic investigation that the maximum reasonable and prudent speed at any intersection or other portion of the highway, based upon the intersection, railway grade crossings, curves, hills, width and condition of pavement and other conditions on such highway, and the usual traffic thereon, is greater or less than the speed limits hereinbefore set forth, said governing bodies shall

have the power and authority to determine and declare the maximum reasonable and prudent speed limit thereat, which shall be effective at such intersection or other place.

"'It shall be unlawful for any person to so operate or drive any motor or other vehicle upon the public highways or streets of this State so as to wilfully obstruct or impede the normal, reasonable and safe movement of traffic. Police officers are hereby authorized to enforce the foregoing provision by directions to drivers; and a wilful disobedience to this provision shall be in violation of law punishable as provided in this Act.

"'Every charge of a violation of any speed regulation provided for in this Act, also the summons or notice to appear in answer to such charge, shall specify the rate of speed at which the person so charged is alleged to have driven, also the speed limit applicable within the district or at the location shall be set out.

"'The provisions of this Act declaring speed limits shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence on the part of the defendant as the proximate cause of any accident.'"

Section 8 of Chapter 282, Acts of the Regular Session of the Forty-second Legislature, reads as follows:

"Sec. 8. That Section 7 of said chapter be, and the same is hereby amended to hereafter read as follows:

"Sec. 7(a). No motor vehicle shall be driven upon any highway outside of the limits of an incorporated city or town drawing or having attached thereto more than one trailer.

"'(b) The drawbar or other connection between any two vehicles, one of which is towing or drawing the other on a highway, shall not exceed twenty (20) feet in length from one vehicle to the other.'"

We wish to point out that Chapter 282, supra, amended Chapter 42, Acts 41st Legislature, Second Called Session, Section 7 of Chapter 42, supra, was amended by Section 8 of Chapter 282, supra. Section 8 of Chapter 42, supra, was amended by Section 9 of Chapter 282, supra.

It appears that the Forty-seventh Legislature intended by House Bill No. 77, supra, to amend Section 9 of Chapter 282, supra, rather than Section 8 thereof. Section 8 of Chapter 282, supra, relates to trailers or other vehicles attached to a motor vehicle. It is clear that the subject matter contained in H. B. No. 77, supra, is not germane or pertinent to Section 8 of Chapter 282, supra.

The Court of Criminal Appeals in the case of Katz v. State, 54 S. W. (2d) 130, quotes the following rule from Sutherland Statutory Construction:

". . .'Where the title of the amendatory act specifies the section or sections to be amended, the weight of authority is that the amendments must be germane to the subject matter of the sections specified, and that amendments of other sections, not specified, will be void. * * * Where the section is specified, matter can not be introduced by way of amendment in such section which is provided for elsewhere in the act.'"

We are of the opinion that the inclusion of substantive matter in the amendatory act, same being H. B. No. 77, supra, not germane or pertinent to that contained in Section 8 of Chapter 282, supra, characterizes the amendatory act as independent legislation upon a matter not expressed in the title of the Act, Katz v. State, supra. It follows that H. B. No. 77, Acts of the Regular Session of the Forty-seventh Legislature is in violation of Section 35, Article III of the Constitution and is void.

We trust that we have fully answered your inquiry.

APPROVED MAY 31, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

LS:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*
Lee Shoptaw
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN